UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-893 CAS (MANx) | Date | July 25, 2008 |
|---|---|---|---|
| Title | A.M.; ET AL. V. WESTSIDE UNION SCHOOL DISTRICT; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers):** DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT (filed 6/13/08 -- Dockets 15 & 16)

## I.   INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

On February 12, 2008, A.M., by and through his parents and guardians ad litem, K.M. and S.M., filed a complaint against the Westside Union School District ("the District"); the Board of Education of Westside Union School District ("the Board"); Regina Rossall ("Rossall"), individually and in her official capacity as superintendent of the District; Glen Egbert ("Egbert"), individually and in his official capacity as director of special education for the District; and Does 1 through 10, inclusive.

Defendants filed a motion to dismiss on April 22, 2008. On June 4, 2008, plaintiffs filed a first amended complaint ("FAC"), and on the same day, the Court denied defendants' motion to dismiss as moot.

A.M., who is 12-years-old, has been diagnosed with autism and is eligible for special education and related services pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq* ("IDEA"). FAC ¶ 7. Plaintiffs allege that they have resided within the jurisdiction of the District at all relevant times. Id. ¶ 6. Plaintiffs allege that following a dispute with defendants regarding the level and quality of special education programs to be provided to A.M., the parties engaged in a mediation that, on or about February 2, 2007, culminated in a settlement agreement ("the settlement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-893 CAS (MANx) | Date | July 25, 2008 |
|---|---|---|---|
| Title | A.M.; ET AL. V. WESTSIDE UNION SCHOOL DISTRICT; ET AL. | | |

agreement").[1] Id. ¶ 10. Plaintiffs further allege that defendants breached the terms of the settlement agreement, in violation of the IDEA, when they failed to provide A.M. with a trained, competent aide to help A.M. to comply with his academic requirements. Id. ¶ 12. Plaintiffs allege that the aide's deficient services caused plaintiff to regress academically. Id. ¶¶ 12-13. Plaintiffs also allege that the aide's deficient services deprived A.M. of a free appropriate public education, in violation of IDEA.

Plaintiffs allege against the District and the Board claims for (1) breach of the settlement agreement, in violation of 20 U.S.C. § 1415(e)(2)(F); and (2) violation of the Americans with Disabilities Act ("ADA"). Plaintiffs allege against all defendants (3) a claim under 42 U.S.C. § 1983 for violation of A.M.'s Fourteenth Amendment due process rights and the deprivation of "rights, liberties and privileges" created by the Constitution and federal law; and (4) violation of § 504 of the Rehabilitation Act of 1973 ("RA").

Defendants filed the instant motion to dismiss on June 13, 2008. Plaintiffs filed an opposition thereto on July 9, 2008. Defendants filed a reply on July 21, 2008. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

---

[1] The FAC states that the settlement agreement is attached to the FAC as "Exhibit A." FAC ¶ 24. However, no such exhibit is attached to the FAC electronically filed with the Court, and neither party has provided the Court with a copy of the settlement agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-893 CAS (MANx) | Date | July 25, 2008 |
|---|---|---|---|
| Title | A.M.; ET AL. V. WESTSIDE UNION SCHOOL DISTRICT; ET AL. | | |

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-893 CAS (MANx) | Date | July 25, 2008 |
|---|---|---|---|
| Title | A.M.; ET AL. V. WESTSIDE UNION SCHOOL DISTRICT; ET AL. | | |

### III. DISCUSSION

**A. Whether the Board May Be Liable for the Alleged Breach of the Settlement Agreement**

Defendants seek to dismiss the claim for breach of the settlement agreement as against the Board because, according to them, it is not a party to the settlement agreement. Rather, defendants maintain, the settlement agreement is between plaintiffs and the District. While plaintiffs do not appear to dispute that the Board is not a party to the contract, they correctly point out that the Board may nonetheless be liable for defendants' breach of the settlement agreement because the Board controls the District. See Cal. Educ. Code § 35010(a) ("Every school district shall be under the control of a board of school trustees or a board of education.").

Defendants next argue that the Board is not properly a party to this action because it is redundant to name both the Board and the District as parties defendant in this action. In support of this contention, defendants cite to Cal Educ. Code § 35162, which provides that "[i]n the name by which the district is designated the governing board may sue and be sued," and Cal. Educ. Code § 35200, which provides that "[t]he governing board of any school district is liable in the name of the district for all debts and contracts . . ."

The Court finds and concludes that plaintiffs may proceed against both the District and the Board with respect to their breach of settlement agreement claim. Notwithstanding defendants' interpretation of the foregoing statutes the Court observes that California school boards have been named as parties defendant to a number of lawsuits without objection. See, e.g., Brewster v. Bd. of Educ., 149 F.3d 971, 976 (9th Cir. 1998); Bacus v. Palo Verde Unified Sch. Dist. Bd. of Educ., 11 F. Supp. 2d 1192, 1193 (C.D. Cal. 1998); Mass v. Bd. of Ed. of San Francisco Unified Sch. Dist., 61 Cal. 2d 612, 626 (1964) (school board incurred liability for breach of its contractual monetary obligation.). Accordingly, it is not appropriate to dismiss the Board as a party defendant to plaintiff's breach of settlement agreement claim. Defendants' motion to dismiss this claim as to the Board is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-893 CAS (MANx) | Date | July 25, 2008 |
|---|---|---|---|
| Title | A.M.; ET AL. V. WESTSIDE UNION SCHOOL DISTRICT; ET AL. | | |

**B.  Section 1983 Claim**

Defendants argue that plaintiffs' claim § 1983 claim for damages against the District and the Board must be dismissed because these entities are immune against such claims under the Eleventh Amendment.[2]  Belanger v. Madera Unified Sch. Dist., 963 F.2d 248 (9th Cir. 1992), is controlling.  In Belanger, the court held that California school districts are arms of the state, and therefore, are entitled to Eleventh Amendment sovereign immunity against § 1983 claims for damages.  Id. at 254.  Subsequent decisions have recognized that Eleventh Amendment immunity extends as well to California school boards, which, as set forth in Cal. Educ. Code § 35010, oversee school districts.  See Ross v. Woodland Joint Unified Sch. Dist., 2008 U.S. Dist. LEXIS 24389, at *9-12 (E.D. Cal. 2008); Windsor v. Marin County Office of Educ., 2008 U.S. Dist. LEXIS 9513, at *8-10 (N.D. Cal. 2008).  Plaintiff's reliance on Monell v. Dep't of Social Servs., 436 U.S. 658 (1978), is unavailing because this decision applies to local governing bodies, not state agencies.  Accordingly, plaintiff's claim for relief under § 1983 cannot be sustained against the District or the Board.  Accordingly, the Court GRANTS defendants' motion to dismiss plaintiffs' § 1983 claim against the District and the Board.

Rossall and Egbert are not entitled to Eleventh Amendment immunity.  "If, while acting under color of state law, officials exceed the scope of their authority, or personally deprive a plaintiff of a federal right, the officials can be sued in their individual capacities."  Lincoln v. Tuso, 1997 U.S. Dist. LEXIS 14100, 6-7 (N.D. Cal. 1997).  Here, it is not apparent from the body of the FAC whether plaintiffs intend to sue these defendants in their official or individual capacities.  Defendants call attention to plaintiffs' allegation that "[a]t all times relevant, Defendants and each of them were the agents and/or employees of each of their Co-Defendants and in doing the acts as alleged herein, were acting within the course and scope of that agency and/or employment."  FAC ¶ 20.  However, the Court must determine the capacity in which these officers are sued, not the capacity in which they inflicted the alleged injury.  Hafer v. Melo, 502 U.S. 21, 26 (1991).

The caption indicates that both Rossall and Egbert are sued individually and in

---

[2] In connection with their § 1983 claim, plaintiffs seek damages, not prospective injunctive relief.  See FAC 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-893 CAS (MANx) | Date | July 25, 2008 |
|---|---|---|---|
| Title | A.M.; ET AL. V. WESTSIDE UNION SCHOOL DISTRICT; ET AL. | | |

their official capacities. Where the plaintiff fails to state in the body of the complaint the capacity in which the suit is brought against the defendants, "what is, and is not, expressly stated in the caption controls." Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1285 (9th Cir. 1994). Moreover, because plaintiffs allege a § 1983 claim for damages against these defendants, they are impliedly suing them in their individual capacities. See Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1990). Therefore, defendants' argument for dismissing the § 1983 claim against Rossall and Egbert lacks merit.

On the other hand, the Court is skeptical as to whether plaintiffs have alleged a predicate violation of A.M.'s civil rights that might give rise to a § 1983 claim. "Section 1983 does not in itself create any right under federal law. It provides remedies for violations of federal rights only where a 'federal statute creates an individually enforceable right in the class of beneficiaries to which plaintiff belongs.'" Blanchard v. Morton Sch. Dist., 504 F.3d 771, 773 (9th Cir. 2007) (quoting City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 119-20 (2005) ("§ 1983 does not provide an avenue for relief every time a state actor violates a federal law . . . the text of § 1983 permits the enforcement of *rights*, not the broader or vaguer 'benefits' or 'interests'") (quotations omitted) (emphasis in original)). Plaintiffs' § 1983 claim is asserted on the basis of a violation of A.M.'s due process rights under the Fourteenth Amendment and the deprivation of "rights, liberties and privileges" created by the Constitution and by federal law. However, it is not apparent how A.M.'s due process rights could have been violated, nor is it clear what other of A.M.'s constitutional rights plaintiffs intend to invoke.

Moreover, defendants' alleged violation of the IDEA cannot serve as a predicate violation for plaintiffs' § 1983 claim: the Ninth Circuit has held that "the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA." Id. at 774-75. Likewise, plaintiffs are precluded from enforcing their rights under the ADA or the RA through a § 1983 action. Vinson v. Thomas, 288 F.3d 1145, 1155 (9th Cir. 2002).

Therefore, plaintiffs are directed to either dismiss their § 1983 claim against Rossall and Egbert or to amend the FAC to allege which of A.M.'s constitutional rights were violated by Rossall and Egbert and how these rights were violated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-893 CAS (MANx) | Date | July 25, 2008 |
|---|---|---|---|
| Title | A.M.; ET AL. V. WESTSIDE UNION SCHOOL DISTRICT; ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court DENIES defendants' motion to dismiss plaintiffs' claim for breach of the settlement agreement. The Court GRANTS defendants' motion to dismiss plaintiffs' claim under § 1983 against the District and the Board.

Plaintiffs are further directed to either dismiss their § 1983 claim against Rossall and Egbert or, within fifteen (15) days, to amend the FAC to allege which of A.M.'s constitutional rights were violated by Rossall and Egbert and how these rights were violated.

IT IS SO ORDERED.

00 : 00

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-893 CAS (MANx) | Date | July 25, 2008 |
|---|---|---|---|
| Title | A.M.; ET AL. V. WESTSIDE UNION SCHOOL DISTRICT; ET AL. | | |

Initials of Preparer     CMJ